EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Enmienda al Canon 33 del Código de Ética Profesional | 2015 TSPR 83<br><br>193 DPR \_\_\_\_ |

Número del Caso: ER-2015-5

Fecha: 23 de junio de 2015

Materia: Resolución del Tribunal con Voto Particular de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Enmiendas al Canon 33 del
Código de Ética Profesional

ER-2015-5

RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2015.

En el día de hoy aprobamos una enmienda a la Regla 12(f) del Reglamento del Tribunal Supremo sobre admisiones por cortesía. Esa enmienda introduce cambios significativos a nuestro ordenamiento y hace necesario que enmendemos el texto del Canon 33 del Código de Ética Profesional para atemperarlo a los nuevos desarrollos en la práctica de la profesión legal e incorporar los principios expuestos en In re Lorenz Michael Prüss, 189 DPR 762 (2013).

A esos fines, se enmienda el Canon 33 del Código de Ética Profesional de 1970 para que lea de la siguiente forma:

Canon 33

a) Ninguna persona admitida a la práctica de la abogacía en Puerto Rico podrá ejercer, ni colaborará para que otra ejerza, la profesión jurídica en otra

jurisdicción cuando ello contravenga la reglamentación de la profesión jurídica en esa jurisdicción.

b) A menos que esté autorizada a ejercer la práctica de la abogacía en Puerto Rico ninguna persona podrá:

1) establecer una oficina o cualquier otra presencia continua y sistemática para ejercer la abogacía en Puerto Rico; o

2) hacer creer al público o aparentar de cualquier manera que puede ejercer la abogacía en Puerto Rico.

c) Cualquier persona admitida a ejercer la abogacía en una jurisdicción de los Estados Unidos, y que no esté suspendida o separada de la práctica, podrá proveer servicios legales en Puerto Rico siempre que:

1) sus servicios se ofrezcan en asociación con una persona admitida a la práctica de la abogacía en Puerto Rico y dicha persona participa activamente en el asunto;

2) sus servicios estén relacionados razonablemente con un procedimiento pendiente o potencial ante un tribunal o foro administrativo en Puerto Rico o una jurisdicción de Estados Unidos, si la persona o la persona con la que colabora en Puerto Rico está autorizada por ley u orden judicial a comparecer en ese procedimiento o razonablemente espera que se le concederá una admisión por cortesía;

3) sus servicios estén relacionados razonablemente con un arbitraje, mediación u otro método alterno para solución de disputas pendiente o próximo a comenzar en

Puerto Rico o en Estados Unidos, si la persona o la persona con la que colabora en Puerto Rico está autorizada por ley u orden judicial a comparecer en el procedimiento o razonablemente espera que se le concederá una admisión por cortesía; o

4) si sus servicios no están comprendidos en los párrafos (c)(2) o (3) pero están relacionados razonablemente a su práctica en una jurisdicción de Estados Unidos en la que está admitida a ejercer.

d) Una persona admitida a la práctica de la abogacía en una jurisdicción de Estados Unidos, que no esté suspendida o separada de esa práctica en ninguna jurisdicción, puede proveer servicios legales a través de una oficina u otra presencia sistémica y continua en Puerto Rico siempre que estos servicios:

1) se provean a su patrono o alguna de las afiliadas de su patrono y no sean servicios para los cuales este foro exige admisión por cortesía o

2) sean servicios que una ley federal u otra ley lo autoriza a brindar en Puerto Rico.

e) No se podrá practicar la notaría en Puerto Rico sin autorización del Tribunal Supremo para ello. Ninguna persona admitida al ejercicio de la notaría en Puerto Rico colaborará para que otras personas ejerzan la notaría sin autorización. Se prohíbe permitir o facilitar el que una persona o entidad que no esté autorizada a ejercer la notaría cobre total o parcialmente por los servicios profesionales prestados por personas admitidas a la práctica de la notaría en Puerto Rico. Esas personas tampoco se unirán en sociedad con alguien que no ha sido autorizado a ejercer la

notaría cuando alguna de las actividades de la sociedad se relaciona con la función notarial.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto Particular de Conformidad, al que se unió el Juez Asociado señor Feliberti Cintrón. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

ER-2015-05

Enmienda al Canon 33 del
Código de Ética Profesional
de 1970

Voto Particular de Conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unió el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 23 de junio de 2015.

Voto conforme con la Resolución que hoy aprobamos y que sustituye nuestro anticuado Canon 33 del Código de Ética Profesional de 1970, con un nuevo Canon que incorpora, en gran medida, las disposiciones de la Regla 5.5 de las *Reglas Modelo de Conducta Profesional de la American Bar Association* (Reglas Modelo de la ABA). Este cambio, necesario desde hace mucho tiempo, representa un gran avance en el proceso de atemperar nuestro ordenamiento en materia de ética profesional a las nuevas realidades y exigencias del Siglo XXI. No obstante, todavía nos resta

mucho camino por recorrer para completar una verdadera modernización de nuestros cánones de ética profesional. Confío en que en los próximos meses podamos aprobar unos nuevos cánones que incorporen, en el mayor grado posible, las Reglas Modelo de la ABA, las cuales rigen de manera uniforme la práctica legal en materia de ética profesional en la inmensa mayoría de los estados de la Unión.


Rafael L. Martínez Torres
Juez Asociado